IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS SAMUEL VERAS-VELASQUEZ | CRIMINAL ACTION<br>NO. 15-169 |

**PAPPERT, J.**                                                                                      July 28, 2022

**MEMORANDUM**

    Luis Samuel Veras-Velasquez was charged with stealing other people's identities to prepare fraudulent tax returns claiming $152,646 in fictitious tax refunds. Represented by the Federal Community Defender Office, Veras-Velasquez pleaded guilty pursuant to a written Guilty Plea Agreement with the Government.

    At his change of plea hearing, Veras-Velasquez said he read and understood the Agreement, approved of counsel's representation and admitted the facts underlying his plea. The Court and counsel for the parties concluded his plea was voluntary, knowing and intelligent. The Court subsequently sentenced Veras-Velasquez to twenty-four months' imprisonment. He now seeks to challenge his sentence, claiming his lawyer provided constitutionally ineffective assistance of counsel. The Court denies Veras-Velasquez's Petition without ordering an evidentiary hearing because his claims are foreclosed by his Plea Agreement and guilty plea colloquy.

I

    On April 23, 2015, the Grand Jury returned an indictment charging Veras-Velasquez with twenty-nine counts of filing false claims in violation of 18 U.S.C. § 287, six counts of mail fraud in violation of 18 U.S.C. § 1341 and six counts of aggravated

identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). (ECF 1.) The indictment was not unsealed until roughly five and a half years later. (Sept. 18, 2020 AUSA Letter, ECF 4.) On November 10, 2020, the Federal Community Defender entered its appearance as Veras-Velasquez's counsel. (ECF 8.)

Pursuant to his written Guilty Plea Agreement—which Veras-Velasquez and his counsel signed—he pleaded guilty to count forty-one, charging aggravated identity theft, several months later, and the Government moved to dismiss the remaining counts at sentencing. (ECF 19-1.) Veras-Velasquez also waived his right to collaterally attack his conviction and sentence with limited exceptions. (*Id.* at ¶ 12.)

At his change of plea hearing, Veras-Velasquez said he discussed his case, including his plea and the charges against him, with counsel and was satisfied with her representation. (Change of Plea Hr'g Tr. 10:2–22, ECF 31); *see also* (Guilty Plea Agreement ¶ 15). Veras-Velasquez stated he read the Agreement, discussed it with counsel before signing it and fully understood it. (*Id.* at 12:14–14:11); *see also* (Guilty Plea Agreement ¶ 15). He also admitted to his plea's factual basis, including that on March 2, 2012, police officers responded to a 911 call for a robbery at Veras-Velasquez's residence and saw tax returns and a list of Social Security numbers in plain view. (*Id.* at 25:14–19.) The officers subsequently obtained a search warrant based on this evidence and recovered approximately 120 completed tax returns, copies of birth certificates with matching Social Security cards and a list of names, dates of birth and Social Security numbers. (*Id.* at 25:20–26:9.) Roughly half these documents bore Veras-Velasquez's fingerprints. (*Id.* at 26:10–13.)

Veras-Velasquez said he was pleading guilty of his own free will. (*Id.* at 33:3–5.) His attorney and the prosecutor believed he was doing so competently, knowingly, voluntarily and intelligently. (*Id.* at 34:9–35:2.) The Court similarly found Veras-Velasquez was competent to enter an informed guilty plea and that it was knowing, voluntary and intelligent, absent any force or threats. (*Id.* at 36:10–17.)

On November 4, 2021, Veras-Velasquez moved *pro se* to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Pet., ECF 29-1.)[1] As best the Court can tell, Veras-Velasquez claims his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment by (1) failing to provide him with discovery materials before he pleaded guilty, (2) not filing a motion to suppress based on an alleged Fourth Amendment violation and (3) coercing Veras-Velasquez to plead guilty despite him not understanding his Plea Agreement. (*Id.*)

---

[1] Veras-Velasquez also moved to amend his Petition and for appointment of counsel under 18 U.S.C. § 3006A. (ECF 42, 34.) The Court grants his Motion to Amend and considers its attached incident and investigation reports, search warrant and affidavit. *See* Fed. R. Civ. P 15.

As for Veras-Velasquez's other Motion, there is no constitutional right to counsel for § 2255 petitioners. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel is required only for effective discovery and evidentiary hearings. Rules 6(a), 8(c) Governing Section 2255 Proceedings. A court can appoint counsel in its discretion, however, when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The court must decide whether the petitioner has presented nonfrivolous claims and appointment of counsel will benefit him and the court; and must consider the complexity of the case's factual and legal issues and the petitioner's ability to investigate facts and present his claims. *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991).

The Court denies Veras-Velasquez's request for counsel. It need not appoint counsel because it is not holding an evidentiary hearing or ordering discovery. *See* 28 U.S.C. § 2255(b); Fed. R. Crim. P. 16. Nor do the interests of justice warrant appointing counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Even if the Court assumes Veras-Velasquez's Petition is sufficiently meritorious to warrant appointment of counsel, his case does not involve complex legal or factual issues. And he thoroughly briefed his claims, filing a Petition, accompanying memorandum, reply and numerous supporting documents. (ECF 29, 29-1, 41, 42); *see Reese*, 946 F.2d at 263–64.

II

A

Section 2255(a) of Title 28 of the United States Code permits a prisoner serving a federal sentence to move the sentencing court to vacate, set aside, or correct his sentence when (1) the sentence violated the Constitution or federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. The petitioner bears the burden of showing his § 2255 petition has merit and must clear a significantly higher hurdle than on direct appeal. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995).

The court must hold an evidentiary hearing for a § 2255 petition alleging ineffective assistance of counsel unless the motion, case filings and record conclusively show the prisoner is not entitled to relief. 28 U.S.C. § 2255(b). Under the requisite two-step inquiry, the court must consider as true the petitioner's nonfrivolous factual claims and determine based on the existing record whether they conclusively fail to demonstrate ineffective assistance. *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

B

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, and counsel can deprive a defendant of this right by failing to render adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, the petitioner must show (1) counsel performed deficiently and (2) the deficiency prejudiced his defense. *Id.* at 687. A court

can analyze these prongs in any order and need not address both if petitioner makes an insufficient showing on one. *Id.* at 697; *Gaines v. Superintendent Benner Twp. SCI*, 33 F.4th 705, 712 (3d Cir. 2022). *Strickland*'s two-part test is a high bar. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The standard for attorney performance is objective reasonableness under prevailing professional norms when considering all the circumstances. *Strickland*, 466 U.S. at 687–88, 690; *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 850 (3d Cir. 2017). Judicial review is highly deferential, dooming most ineffectiveness claims. *See Strickland*, 466 U.S. at 689; *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989). The court cannot be distorted by hindsight, must evaluate counsel's conduct from his perspective at the time and strongly presume it is in the wide range of reasonable assistance. *Id.*; *United States v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020).

As for prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *See Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A reasonable probability is one that undermines confidence in the outcome, and the likelihood of a different result must be substantial, not just conceivable. *Id.*; *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

The *Strickland* test applies to ineffectiveness claims stemming from guilty pleas. *Hill*, 474 U.S. at 58. The court can consider contemporaneous evidence, including a guilty plea colloquy. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Petitioner's declarations on the record are strongly presumed true, and both his statements and the court's findings are a formidable barrier for subsequent collateral claims. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

III

Veras-Velasquez's claims fail because he cannot show deficient performance and prejudice for any of them. *See Strickland*, 466 U.S. at 687.

A

Veras-Velasquez argues in claim one that, despite multiple requests, his lawyer did not provide him with discovery required under Federal Rule of Criminal Procedure 16 before he pleaded guilty. (Pet. 1; Petr's Reply Aff. ¶ 6, ECF 41.) Specifically, Veras-Velasquez alleges he sought reports, photos and statements related to the police's response to the 911 call at his residence. (Petr's Reply 3.)

Even if the Court assumes counsel did not request or withheld these documents from Veras-Velasquez, he cannot show a reasonable probability that, had she provided them, he would have decided to go to trial. *See Hill*, 474 U.S. at 59. Veras-Velasquez summarily asserts he lacked "knowledge of the facts of the discovery" but makes no attempt to explain how this knowledge would have dissuaded him from pleading guilty. (Pet's Reply 2–3.)

Veras-Velasquez admitted the police entered his residence in response to a reported robbery and subsequently seized voluminous incriminating evidence pursuant to a search warrant. (Change of Plea Hr'g Tr. 25:14–26:9.) He does not say how any photos, reports or statements could have contradicted these facts or otherwise cast doubt on his guilt. Veras-Velasquez's *post-hoc* assertion that these documents would have led him to reject a favorable plea offer is nothing more than a bare allegation incapable of satisfying *Strickland*'s highly demanding standard. *See Parry v.*

6

*Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995); *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).[2]

B

In claim two, Veras-Velasquez contends counsel failed to file a motion to suppress the physical evidence police officers recovered from his home. (Pet. 1–2.) He alleges he asked counsel to file the motion but she said he had no Fourth Amendment claim. (*Id.* at 1.) Veras-Velasquez nonetheless alleges his lawyer should have investigated a potential violation and requested an evidentiary hearing. (*Id.* at 1–2.)

A lawyer cannot be ineffective for failing to raise a meritless argument. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Indeed, the Sixth Amendment only requires counsel to file motions with a solid foundation. *United States v. Swinehart*, 617 F.2d 336, 341 (3d Cir. 1980). Counsel had no basis to file a suppression motion on Fourth Amendment grounds, and an investigation or hearing would have been pointless. Veras-Velasquez's contention that his constitutional rights were violated is at odds with the facts he admitted when he pleaded guilty. (Change of Plea Hr'g Tr. 25:14–26:9); *see also* (PSR ¶ 12).

Again, police officers lawfully entered Veras-Velasquez's home in response to an emergency call that Veras-Velasquez told his wife to make because four armed men robbed their home. (Petr's Reply Veras-Velasquez Aff. ¶ 3; Mot. to Amend Villaman Aff.); *see, e.g.*, *United States v. Telfair*, 507 F. App'x 164, 171–72 (3d Cir. 2012). The officers saw in plain view evidence they could have seized without a search warrant.

---

[2] Veras-Velasquez cites *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. (Pet's Reply 1–2, ECF 41.) To the extent Veras-Velasquez intends to assert a *Brady* claim, he waived his right to do so in his Guilty Plea Agreement. (ECF 19-1 ¶ 12.)

*See Horton v. California*, 496 U.S. 128, 136–37 (1990). Instead, they obtained a warrant based on this evidence, and subsequently obtained significantly more evidence. *See Mincey v. Arizona*, 437 U.S. 385, 390 (1978). The warrant is entitled to a presumption of validity that Veras-Velasquez cannot rebut. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978).[3]

C

Veras-Velasquez argues in claim three that counsel "induced and directed" him to plead guilty even though he did not know the Guilty Plea Agreement's contents. (Petr's Reply 6.) He contends his lawyer failed to give him a copy of the Agreement even though she promised otherwise. (*Id.*) Veras-Velasquez also appears to assert he did not legitimately sign the Agreement because at the time it was in the possession of an FDC official who only provided Vera-Velasquez with two of its pages. (*Id.*)

Veras-Velasquez's guilty plea colloquy puts the lie to his allegations and shows his attorney's representation was objectively reasonable. *See Strickland*, 466 U.S. at 687. Veras-Velasquez said he discussed his case and the Agreement with counsel and was satisfied with her representation. (Change of Plea Hr'g Tr. 10:2–22, 14:6–7.) He

---

[3] Veras-Velasquez appears to argue there was no probable cause for the search of his home. (Pet. 1–2.) Probable cause is a fair probability based on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). That standard was satisfied here: police officers saw myriad tax returns and personal identification documents scattered on the floor. (PSR ¶ 12.) Moreover, Veras-Velasquez cites *United States v. DiCesare*, 765 F.2d 890 (9th Cir. 1985) for the proposition that a criminal defendant is entitled to an evidentiary hearing for a suppression motion if he points to contested facts. (Pet. 2.) There are no contested facts here—Veras-Velasquez admitted them.

In his Reply and its attachments, Veras-Velasquez improperly makes numerous new allegations that purportedly show his Fourth Amendment rights were violated. (ECF 41 at 4–5, Attachments A–C); *Gucciardi v. Bonide Prods., Inc.*, 28 F. Supp. 3d 383, 393 (E.D. Pa. 2014). They do not change the Court's analysis. Veras-Velasquez also attached many documents to his Motion to Amend. (ECF 42.) They similarly add nothing to the mix.

Finally, Veras-Velasquez appears to allege he and his wife's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated. (Petr's Reply 5–6.) He waived his right to assert *Miranda* claims. (Guilty Plea Agreement ¶ 12.)

stated he pleaded guilty of his own free will—absent any force or threats, including from counsel. (*Id.* at 10:10–12, 33:3–5.) The Court and counsel for both parties concluded his plea was knowing, voluntary and intelligent. (*Id.* at 34:9–35:2, 36:10–17.)

Even if counsel's representation was deficient, Veras-Velasquez cannot show a substantial likelihood it caused him to plead guilty. *See Harrington*, 562 U.S. at 112. He pleaded guilty of his own accord and understood exactly what he was doing. Veras-Velasquez signed the Agreement and told the Court he read it and fully understood it. (Change of Plea Hr'g Tr. 12:14–14:11.) Moreover, his Guilty Plea Agreement was a very favorable resolution to Veras-Velasquez's case: the Government agreed to dismiss all but one of the forty-one counts against him, limiting his prison sentence to two years—a significant reduction from his potential sentence based on all his offenses. *See* (Guilty Plea Agreement ¶¶ 2–3); 18 U.S.C. §§ 287, 1028A, 1341.[4]

IV

A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1). A district court cannot issue one unless the petitioner makes a substantial showing his constitutional rights were violated. § 2253(c)(2). To do so, he must demonstrate reasonable jurists would find the court's evaluation of his constitutional claims wrong or debatable. *Slack v. McDaniel*,

---

[4] Veras-Velasquez again improperly makes myriad new allegations in his Reply. (ECF 41 at 6–7, Aff. ¶ 7); *see United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006). They are meritless. For example, he contends counsel did not tell him of the potential immigration consequences of pleading guilty. (*Id.* at 6.) At Veras-Velasquez's change of plea hearing, however, he told the Court he understood that as a result of pleading guilty he may be deported after serving his sentence. (Change of Plea Hr'g Tr. 33:20–25.) Moreover, the Guilty Plea Agreement explains these immigration issues, states Veras-Velasquez and counsel discussed them and waives his right to use them to collaterally attack his sentence. (ECF 19-1 at ¶¶ 3, 10.) Veras-Velasquez also asserts his lawyer did not tell him about the Agreement's appellate waiver. But he said he read and fully understood the entire agreement, including the "knowing and voluntary waiver of the right to appeal or collaterally attack" his conviction and sentence. (*Id.* at ¶ 12.)

529 U.S. 473, 484 (2000).  A certificate of appealability is not warranted here because reasonable jurists would not debate the Court's rulings, and Veras-Velasquez has not made a substantial showing his Sixth Amendment rights were violated.

An appropriate order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
